E-FILED
Friday, 04 November, 2022 2:06 PM
Melissa Hurst
Clerk, U.S. District Court, ILCD

FILED
11:41 AM
Circuit Clerk
Coles County, Illinois
9/28/2022

IN THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT
COLES COUNTY, CHARLESTON, ILLINOIS

PAULINE RAMERT,                      )
                                     )
            Plaintiff,               )
                                     )          No.    2022LA34
      -vs-                           )
                                     )
THE CITY OF MATTOON,                 )
STEVE SUDKAMP and CHIEF SAM          )
GAINES,                              )
                                     )
            Defendants.              )

## COMPLAINT

NOW COMES the Plaintiff, PAULINE RAMERT, by her attorneys, HELLER, HOLMES

& ASSOCIATES, P.C., and for her Complaint against the Defendants THE CITY OF

MATTOON, STEVE SUDKAMP and CHIEF SAM GAINES, says:

### COUNT I

1. That Plaintiff is the owner of real estate located at 3012 Champaign Avenue in the city
   of Mattoon, Coles County, Illinois. A true and correct copy of a registered survey is
   attached hereto as EXHIBIT A.

2. There exist no liens, encumbrances, easements or right-of ways over said property as
   it relates to the disputes of this case.

3. That this case is brought pursuant to the provisions of 42 U.S.C., § 1983.

4. That the state court has concurrent jurisdiction with the federal court over such actions.

5. That the individual Defendants both reside within the city of Mattoon and The City of
   Mattoon and both Defendants are located in Coles County, Illinois. Defendant Gaines

**EXHIBIT A**

is the top law enforcement official of Defendant City and his actions are the official policy of the City.

6. That venue is appropriate in Coles County as a result of the residence of the Defendants and the location of the real estate which is at issue here.

7. That recently, the Plaintiff has been attempting to exclude non-owners from using portions of her premises to access the back of their property on adjacent lots.

8. That the City of Mattoon has asserted certain ownership interest in her property and have sought to control the use and enjoyment of that property.

9. That the City of Mattoon has not instituted any cases for condemnation, eminent domain or otherwise and have not compensated the Plaintiff for the property which they are taking.

10. That the interference with the property rights of the Plaintiff in her property constitutes a taking as that is defined by United States Constitution and the Constitution of the State of Illinois.

11. That attached hereto as EXHIBIT B is a letter from the City of Mattoon purporting to claim certain property rights in Plaintiff's property. It further demonstrates the interference with the property rights of the Plaintiff into said property.

12. That the conduct of the Defendants is taken pursuant to their position of authority and the policies of and at the direction of the Defendant City and are under color of state law.

13. That inasmuch as the taking of private property without just compensation is in violation of the United States Constitution, an action is ripe under 42 U.S.C., § 1983

and the Plaintiff is entitled to damages not only for the constitutional deprivation but for the taking of the property so involved.

WHEREFORE, Plaintiff prays that this Court enter judgment against the Defendants in a sum in excess of ONE MILLION DOLLARS ($1,000,000.00) together with costs of this action, attorney's fees, and such other relief as may be fair and just.

## COUNT II – DECLARATORY JUDGMENT

1. That Plaintiff is the owner of real estate located at 3012 Champaign Avenue in the city of Mattoon, Coles County, Illinois.  A true and correct copy of a registered survey is attached hereto as EXHIBIT A.

2. There exist no liens, encumbrances, easements or right-of ways over said property as it relates to the disputes of this case.

3. That the individual Defendants both reside within the city of Mattoon and The City of Mattoon and both Defendants are located in Coles County, Illinois.

4. That venue is appropriate in Coles County as a result of the residence of the Defendants and the location of the real estate which is at issue here.

5. That recently, the Plaintiff has been attempting to exclude non-owners from using portions of her premises to access the back of their property on adjacent lots.

6. That the City of Mattoon has asserted certain ownership interest in her property and have sought to control the use and enjoyment of that property.

7. That the City of Mattoon has not instituted any cases for condemnation, eminent domain or otherwise and have not compensated the Plaintiff for the property which they are taking.

8. That the Plaintiff believes that the City has no interest in her property and that there are no easements which are burdening her property.

9. That attached hereto as EXHIBIT B is a letter from the City of Mattoon purporting to claim certain property rights in Plaintiff's property. It further demonstrates the interference with the property rights of the Plaintiff into said property.

10. That as a result of the positions of the parties, a dispute has arisen giving rise to a case and controversy subject to declaratory judgment.

WHEREFORE, Plaintiff prays that this Court declare that the City of Mattoon has no right in and to her property and that the property is free and clear of any claimed easements by prescription or otherwise.

## COUNT III – INJUNCTIVE RELIEF

1. That Plaintiff is the owner of real estate located at 3012 Champaign Avenue in the city of Mattoon, Coles County, Illinois. A true and correct copy of a registered survey is attached hereto as EXHIBIT A.

2. There exist no liens, encumbrances, easements or right-of ways over said property as it relates to the disputes of this case.

3. That the state court has concurrent jurisdiction with the federal court over such actions.

4. That the individual Defendants both reside within the city of Mattoon and The City of Mattoon and both Defendants are located in Coles County, Illinois.

5. That venue is appropriate in Coles County as a result of the residence of the Defendants and the location of the real estate which is at issue here.

6. That recently, the Plaintiff has been attempting to exclude non-owners from using portions of her premises to access the back of their property on adjacent lots. That recently, neighbors of the Plaintiff have crossed Plaintiff's property to access the rear of their

property. Plaintiff believes that said access is for the purpose of transacting illegal purchase or sales of illegal narcotics and other drugs. As a result of that activity, the Plaintiff has attempted to restrict the ability of the neighbors to cross her property by various means including, the erection of a fence.

7. That the City of Mattoon has asserted certain ownership interest in her property and have sought to control the use and enjoyment of that property.

8. That the City of Mattoon has not instituted any cases for condemnation, eminent domain or otherwise and have not compensated the Plaintiff for the property which they are taking.

9. That attached hereto as EXHIBIT B is a letter from the City of Mattoon purporting to claim certain property rights in Plaintiff's property. It further demonstrates the interference with the property rights of the Plaintiff into said property.

10. That there are no easements of record across said property and none of the Defendants have instituted any action to take said property or any portion thereof by eminent domain for public use.

11. That the Defendants have now asserted that there is a right of the City to access said property and have in effect taken said property by claiming a "alleyway" across said property and have yet not instituted eminent domain proceedings.

12. That the Defendants, in their attempt to take Plaintiff's property, have issued a citation instructing the Plaintiff to cease construction of her fence, a copy of said citation is attached hereto as EXHIBIT C. In addition, Defendants have issued criminal citations to Plaintiff's daughter alleging that she is interfering with the interest of the City and Plaintiff's property.

13. That the City of Mattoon has never maintained said driveway as an alley, has never provided snow removal, has not provided surfacing, mowing or any other services which are indicative of the other alleys within the City of Mattoon.

14. That the Defendants have no right in and to Plaintiff's property and no right to control the legal conduct including the erection of a fence on said property.

15. That in the absence of injunctive relief, no monetary judgment would be adequate to repair the injury.

WHEREFORE, Plaintiff prays that this Court enter an injunction restraining Defendants from taking any action towards the Plaintiff, the Plaintiff's property, any person in privity with the Plaintiff or otherwise with the use and occupancy of the Plaintiff's premises and that she be awarded her attorney's fees and costs herein.

PAULINE RAMERT, Plaintiff

By _____
Of Heller, Holmes & Associates, P.C.
Her Attorneys

H. KENT HELLER
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway Avenue
P.O. Box 889
Mattoon, IL 61938
TEL: 217-235-2700
FAX: 217-235-0743
E-MAIL: kent@hhlawoff.com
Ramert 23560 9.21.22 complaint

IN THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT
COLES COUNTY, CHARLESTON, ILLINOIS

PAULINE RAMERT,                          )
                                         )
                    Plaintiff,           )          2022LA34
                                         )
        -vs-                             )    No.
                                         )
THE CITY OF MATTOON,                     )
STEVE SUDKAMP and CHIEF SAM              )
GAINES,                                  )
                                         )
                    Defendants.          )

## RULE 222 AFFIDAVIT

NOW COMES your Affiant, H. KENT HELLER, and under oath says:

1. That he is testifying to maters of his own personal knowledge and is competent to testify to the same if called upon to do so.

2. That he is a duly authorized agent of Plaintiff for purposes of making this affidavit.

3. That the damages sought do exceed $50,000.00.

4. Further Affiant sayeth not.

                    By _____
                            H. KENT HELLER
                    Of Heller, Holmes & Associates, P.C.

Subscribed and sworn to before me
this 23rd day of September, 2022.

_____
Notary Public

OFFICIAL SEAL
KATHERINE J STORM
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/30/23

Space for Recorder

# Plat of Survey

### Description of Property Surveyed

The East One Third (1/3) of Lot Three (3) in Block Forty-five (45)
in Noyes' Addition to the City of Mattoon, Coles County, Illinois.

Surveyor notes:
1. Field work completed on August 30, 2022
2. No subsurface exploration was made.
3. No search was made for easements, vacations or dedications.
4. Bearings based on Illinois State Plane Coordinates, East Zone (NAD83) as determined by GPS Observation.
5. This plat is a true representation of a survey completed by me or under my direction.
6. This service conforms to the current Illinois Minimum Standards of Practice applicable to Boundary Surveys.

Dated this 1st day of September 20 22

David C. Rankin
Illinois Professional Land Surveyor No. 3355
License Expires 11-30-2022

Survey Completed at the request of:
Mary Wetzel

Note:
The property described in this survey is the same as Parcel 07-2-09807-000 as identified by the Assessor of Coles County.

DAVID C. RANKIN
Illinois
Professional
Land Surveyor
No. 3355
State of
Illinois
MATTOON, ILLINOIS

Part of Noyes' Addition,
City of Mattoon, Coles
County, Illinois

RANKIN LAND SURVEYING
2412 Prairie Avenue · Mattoon, IL 61938 · 217.460.0825
Illinois Professional Design Firm No. 184.007891-0008

RLS File No. 165015522
Sheet 1 of 2



EXHIBIT
A

# Plat of Survey



Scale 1" = 100'

North

Shelby Ave (80')

-299.89' (300' r)-

31st Street (80')

(150' r)     (150' r)     (50' r)

Block 45
Noyes'
Addition

2            1

(50' r)

30th Street (80')

-300.28 (300' r)-

-299.57 (300' r)-

89°51'44"   49.99'   90°8'30"

7.5'

149.96'

(150' r)

3     150.02'     11.2'     4

(50' r)   (50' r)   (50' r)   (150' r)   (50' r)

50.00'

-300.00' (300' r)-

Champaign Ave (80')

90°4'18"   89°55'28"

SW Cor, E ½,
Lot 4, B 44

SE Cor, E ½,
Lot 4, B 72

## Legend

○          Survey Marker Found

●          Iron Pin set w/RLS cap #3355

──────     Boundary of Property Surveyed

(0.00' r)  Record Measurement

RANKIN LAND SURVEYING

2412 Prairie Avenue · Mattoon, IL 61938 · 217 460.0825
Illinois Professional Design Firm No. 184-007891-0008

Survey Completed at the request of:

Mary Wetzel

RLS File No. 166115622
Sheet 2 of 2

# Smith Law, Ltd.
**Attorneys at Law**

Rodney L. Smith*
rsmith@rsmithlawltd.com

Joseph S. Pappas
jpappas@rsmithlawltd.com

Daniel C. Jones
djones@rsmithlawltd.com

*Also licensed to
practice in Minnesota

September 20, 2022

Mr. H. Kent Heller
1101 Broadway Ave.
Mattoon 61938

        In re: Pouline Ramert – 3012 Champaign Ave.

Dear Kent,

I am in receipt of your letter dated September 2, 2022, regarding the property at 3012 Champaign Ave in Mattoon. I have also discussed the matter with police chief Gaines regarding any conversations he may have had with Ms. Ramert, and with other city officials.

Chief Gaines states that he did meet with Ms. Ramert concerning the property, but denies that he told her that the area in question is private property. He reports to me he said he would talk to the City Administrator about the issue, and was told that the property in question had become an "alley by prescription." This information was then passed on to Ms. Ramert.

It is the position of the city that this alley has indeed become a public alley by way of prescription, as the property has been used by the general public as a public right of way for more than 15 years, as required by 605 ILCS and 5/2-202.

The city will maintain this position, and will resist placement of any barriers in the alleyway in question. If you wish to discuss the matter further, please feel free to contact me at this office period. Thank you for your attention to the matter.

Very truly yours,

Daniel C. Jones
djones@rsmithlawltd.com

DCJ/egd

CC: (via email): Mr. Kyle Gill
                  Mr. Steve Sudkemp

**EXHIBIT**
*B*

622 Jackson Avenue, Charleston, Illinois  61920 ~ (217) 345-6222 ~ (217) 345-6232 Fax   FEIN: 47-4959112

## NOTICE TO ABATE NUISANCE

TO: Mary E. Wetzel  8/13/52  21 Chestnut Run, Mattoon, Il

An inspection by the Police, Fire, Public Works or Building Inspector of the City of Mattoon on
9/22 , 2022, has determined that a public nuisance exists on the following described real
estate commonly known as _3012 Champaign_____, Mattoon, Illinois,
within the meaning of Section 95.01 (B) of the Municipal Code of Mattoon. This determination
is based upon the following problem(s) associated with the above referenced property:

( )    Yard waste

( )    Tall grass or weeds and/or overgrown vegetation which may harbor vermin or insects

( )    Accumulation of junk/debris/garbage

( )    Accumulation of stagnant water in which insects may breed

( )    Abandoned, unlicensed, unregistered and/or inoperable vehicle

( )    Problem with trash

( )    Discarded appliances or furniture on property

(X)    Other (specify) 95.01-A-4 Unlawfully interfere with or obstruct passage
of alley.  95.02 No person shall erect, contrive, cause, continue,
maintain or permit to exist any public nuisance.

**YOU ARE HEREBY NOTIFIED** as the owner, occupant or person causing, permitting or
maintaining such condition, to abate or remove said condition or nuisance within ten (10) days in
regards to all the above with the exception of tall grass or weeds and/or overgrown vegetation in
which you have only three (3) days to comply.

Unless you abate or remove the nuisance the City will cause it to be abated or removed and the
cost will be charged to you and the cost shall be filed as a lien on the real property where the
nuisance was abated or removed. Failure to abate the nuisance as required by this notice shall be
deemed an implied consent for the City to abate or remove such nuisance. Such implied consent
shall be deemed to form a contract between you and the City. Failure to comply can result in a
fine of no less than $50 and no more than $500 for each occurrence.

I, _____ do hereby certify that a true and exact copy of the above and foregoing
NOTICE TO ABATE NUISANCE was served on _____ this 22 day of 20_22 by
(Mailing) (Personal Delivery) (Posting at Premises).

Contact number:                                  Served by: _____ E11F,
                                                 Date and Time: 9/22/22  11:06 am
217-236-5451
                                                 _____
                                                 (Signature of owner/occupant)

EXHIBIT
C

IN THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT
COLES COUNTY, CHARLESTON, ILLINOIS

PAULINE RAMERT,                         )
                    Plaintiff,          )
                                        )        2022LA34
        -vs-                            )   No.
                                        )
THE CITY OF MATTOON,                    )
STEVE SUDKAMP and CHIEF SAM             )
GAINES,                                 )
                    Defendants.         )

## SUMMONS

To each defendant:        The City of Mattoon, Mattoon City Hall, 208 N. 19th St., Mattoon, IL  61938

        You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court Coles County Courthouse building, Charleston, Illinois within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

        E-filing is now mandatory for documents in civil cases with limited exemptions.  To e-file, you must first create an account with an e-filing service provider. Visit https://e-file.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

        If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk with your local circuit clerk's office.  If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail.  Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

        If you are unable to pay your court fees, you can apply for a fee waiver.  For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org.   You can also ask your local circuit clerk's office for a fee waiver application.

To the officer:

        This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, summons shall be returned so endorsed.

        This summons may not be served later than 30 days after its date.

                                                            9/28/2022
                                        WITNESS _____, 2022.

                                                _____
                                                (Clerk of the Circuit Court)

                                                _____
                                                (Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
Name: H. Kent Heller
Attorney for Plaintiff
Address: 1101 Broadway, P.O. Box 889
City: Mattoon, IL 61938-0889
Telephone: (217)235-2700
E-Mail:  kent@hhlawoff.com
Ramert 23560 9.28.22 city of mattoon summons